CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAR 13 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JOHN R. MILLER,                )
                               )
        Plaintiff,              )     Civil Action No. 5:05CV00064
                               )
v.                             )     **MEMORANDUM OPINION**
                               )
PILGRIM'S PRIDE CORPORATION,    )     By: Hon. Glen E. Conrad
                               )     United States District Judge
        Defendant.              )

This case is before the court on the plaintiff's motion for supplemental award of attorney's fees. The plaintiff is seeking additional fees incurred by his attorney in defending against defendant's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), related to the plaintiff's discriminatory discharge claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). For the reasons set forth below, the plaintiff's motion will be granted in part and denied in part.

## BACKGROUND

This case is an employment discrimination suit brought by plaintiff John R. Miller ("Miller") for violations of the ADA and FMLA, arising out of allegedly discriminatory, retaliatory, and harassing conduct by defendant Pilgrim's Pride Corporation ("Pilgrim's Pride") during Miller's employment. Although Miller had asserted several claims under the ADA, as well as two claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"), only three claims ultimately proceeded to trial: (1) a claim for discriminatory discharge under the ADA, (2) a claim for interference with rights under the FMLA, and (3) a claim for retaliation under the FMLA. After a trial on the merits, the jury found in favor of the

defendant on the FMLA interference claim. The jury found in favor of Miller on the FMLA retaliation claim and the discriminatory discharge claim under the ADA. With regard to both of these claims, however, the jury also found that Pilgrim's Pride had proved by a preponderance of the evidence that it would have made the same decision to discharge Miller regardless of his exercise of his FMLA rights or his disability, respectively.

After the jury reached its verdict, the plaintiff filed a petition for monetary relief, declaratory relief, injunctive relief, and attorney's fees and costs as a prevailing party pursuant to the jury's verdict. On August 31, 2007, the court entered a Final Judgment and Order based upon the jury's verdict and awarded Miller a portion of his requested attorney's fees. Pilgrim's Pride then filed a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) with regard to Miller's claim for discriminatory discharge under the ADA. Miller, on the other hand, filed a motion for a new trial solely with regard to the "same decision" determinations made by the jury on both the ADA claim and the FMLA retaliation claim. The court denied both parties' motions. The plaintiff has now filed this motion for a supplemental award of attorney's fees claiming that he is entitled to the additional attorney's fees incurred related to his defense against Pilgrim's Pride's renewed motion for judgment as a matter of law.

## DISCUSSION

In his motion, the plaintiff contends that his counsel should be entitled to attorney's fees for the hours spent to successfully preserve the judgment in his favor on the ADA discrimination claim. A court may award supplemental attorney's fees in the same manner as it awarded attorney's fees in the first instance. See McCombs v. Meijer, Inc., 395 F.3d 346, 361-62 (6th Cir. 2005) (holding that plaintiff's attorney was entitled to additional fees based upon post-trial

2

discovery and the successful defense of the defendant's motion for judgment on the pleadings and for a new trial). Furthermore, a prevailing plaintiff may be entitled to an award of attorney's fees for the "time spent defending entitlement to attorney's fees." Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir.), cert. denied, 516 U.S. 997 (1995). The amount of any such fees to be awarded under the ADA is left to the discretion of the court. 42 U.S.C. § 12205.

A proper starting point for the determination of a reasonable attorney's fee is the calculation of a "lodestar" figure by multiplying the number of hours worked on the matter by a reasonable hourly rate of compensation. Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986). In determining whether an attorney's fee is reasonable, a court should then consider the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990) (internal citations omitted).

In this case, Miller's attorney has submitted a declaration and detailed time records indicating that he has spent 41.3 hours on this matter that are directly attributable to the defense of Pilgrim's Pride's renewed motion for judgment as a matter of law as well as the preparation of this motion. Furthermore, he contends that he is entitled to an hourly rate of $300.00 per hour, the same amount sought in Miller's earlier petition for attorney's fees. As the court has previously found, however, the $300.00 per hour fee requested by Miller's attorney Tim Cupp

3

exceeds a reasonable hourly rate in the Western District of Virginia. The court continues to believe that a more reasonable rate, based upon its survey of cases in the Western District of Virginia, is $250.00 per hour. Therefore, any fees will be awarded considering the lower hourly rate.

Pilgrim's Pride contends that the total number of hours claimed by the plaintiff is excessive considering that Miller was responding to a routine motion which was substantially identical to motions made by Pilgrim's Pride at earlier points during the proceedings. The defendant also points out that a motion made pursuant to Rule 50 generally requires the court to consider the entire body of evidence presented at trial and that the plaintiff's choice to present an extensive and detailed motion in response was both unnecessary and unreasonable under the circumstances. Finally, Pilgrim's Pride argues that any time spent "related to what the Plaintiff contends are settlement discussions" bears no relation to its renewed motion for judgment as a matter of law and should not be included in any award of attorney's fees. Therefore, Pilgrim's Pride requests the court to deny Miller's motion or, in the alternative, to adjust the number of hours downward.

The plaintiff responds that he is entitled to a supplemental award of attorney's fees because he was successful in his defense of Pilgrim's Pride's Rule 50 motion. Miller goes on to state that, because Pilgrim's Pride failed to set forth any particular evidence upon which it based its motion, he was required to review the record extensively in order to point to particular reasons why the defendant's motion should be denied. Miller concludes that the hours set forth in his motion were reasonable and necessary to defend against the defendant's Rule 50 motion.

The court finds that it should have been clear to the plaintiff, based upon the court's

4

comments from the bench during motions hearings in this case as well as during the trial itself, that the court was unlikely to find in the defendant's favor on its Rule 50 motion. Pilgrim's Pride likely devoted little effort to its written submissions on the motion for this reason, although the motion was necessary to preserve its arguments for its pending appeal. On the other hand, the court is compelled to agree that it was prudent for plaintiff's counsel to spend adequate time reviewing and summarizing the record in this case for the court's consideration and to bolster Miller's factual arguments in support of his claim under the ADA. The court does find, however, that the number of hours spent on legal research appears to be unreasonably high given the somewhat routine nature of the defendant's motion. Furthermore, the court is inclined to agree with the defendant that the plaintiff is not entitled to attorney's fees related only to settlement discussions, although the total time spent on such settlement discussions appears negligible, *i.e.* less than one hour. For all of these reasons, the court believes that the plaintiff's request for additional attorney's fees must be tempered given the understanding of all the parties at the time the defendant's Rule 50 motion was filed. The court determines, therefore, that a reasonable supplemental attorney's fee in this case is $7,743.75.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for supplemental award of attorney's fees will be granted in part and denied in part. The court will order an award of attorney's fees in the amount of $7,743.75.

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion as well as the accompanying Order to all counsel of record.

ENTER: This 12th day of March, 2008.

_____
United States District Judge